UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT L. HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CV-0544-CVE-SAJ |
| ) | |
| ST. JOHN MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is the motion filed by defendant St. John Medical Center ("St. John"), and individual defendants Keith Palmer, Craig Hayes, Jim Winthrow, and Lavern Combs ("Individual Defendants") (Dkt. # 17) to dismiss claims brought against them by plaintiff Robert L. Houston for alleged violation of Title VII of the Civil Rights Act of 1964, as amended.[1] St. John seeks to have plaintiff's claims against it dismissed on the ground that it was not timely served with process in this matter.

**I.**

Plaintiff filed his Complaint in this case on July 9, 2004. He failed to serve St. John within the original 120 days, but was granted an extension until January 31, 2005 properly to do so. Once again, plaintiff failed timely to serve defendant St. John. However, proper service was made on February 7, 2005, a week after the extended deadline. See Summons Returned Executed (Dkt. # 7).

---

[1] In his response brief, plaintiff assents to the dismissal of the Individual Defendants. Further a stipulation of dismissal as to all individual defendants has already been entered (Dkt. # 22). Accordingly, the Court will address the motion only as it applies to St. John. With respect to the Individual Defendants, it is moot.

## II.

The Federal Rules of Civil Procedure require that a plaintiff serve the defendant "within 120 days after the filing of the complaint . . . ." Fed. R. Civ. P. 4(m). Further, "[p]ro se litigants must follow the requirements of Rule 4." In re Kirkland  86 F.3d 172, 176 (10th Cir. 1996); DiCesare v. Stuart, 12 F.3d 973, 980 (10th Cir.1993). "The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." Scott v. Hern  216 F.3d 897, 912 (10th Cir. 2000).

Neither inadvertence, negligence, nor ignorance of rules constitutes "good cause" for failure of timely service.  In re Kirkland  86 F.3d at176; Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1439. (10th Cir. 1994).  Neither do "[u]nexplained assertions of miscalculation" suffice for a showing of "good cause." See Yosef v. Passamaquoddy Tribe, 876 F.2d 283, 287 (2d Cir. 1989), cert. denied, 494 U.S. 1028 (1990). Although a small delay in achieving service may not prejudice the defendant, absence of prejudice alone does not constitute good cause. Despain, 13 F.3d at 1439 (lack of prejudice to defendant caused by one-week delay not sufficient to show good cause); In re Kirkland, 86 F.3d at 176 (lack of prejudice caused by pro se plaintiff's one-day delay insufficient to show good cause).

In this case, plaintiff has now twice failed timely to serve defendant St. John.  Further, he has failed to make any showing of good cause with respect to the second failure.  Nonetheless, this

pro se plaintiff did accomplish proper service of St. John, only one week after the extended deadline. Accordingly, in its discretion, the Court denies defendant St. John's motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant St. John's motion to dismiss (Dkt. # 17) is **denied**. Defendant St. John Medical Center is given 20 days from the date of this order to answer or file any other responsive pleading.

**DATED** this 6th day of June, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT